**H. M. CURRY, Appellant,**

v.

**John GRIZZAFFI et al., Appellees.**

**No. 17596.**

Court of Civil Appeals of Texas, Dallas.

April 30, 1971.

James H. Martin, Dallas, for appellant.

R. L. McSpedden, Collie & McSpedden, Dallas, for appellees.

GUITTARD, Justice.

This is a suit on an alleged oral contract to make certain repairs on a house, and in the alternative for labor and materials furnished for defendants' benefit. The petition contains an affidavit in the form prescribed by Texas Rules of Civil Procedure, rule 185 for an action upon a sworn account. The answer is also sworn, but it does not contain the exact language prescribed by the rule. After a nonjury trial the court below found that there was no agreement between the parties concerning repairs to the house and that there was no evidence of the value of the work done or of any benefits conferred on the defendants. Judgment was rendered for defendants and plaintiff appeals, contending in his first point that since defendants failed to file a sworn denial of the justice of the claim, as required by Rule 185, no issue of fact is raised and he is entitled to judgment as a matter of law.

**836**

It is unnecessary to decide whether this is the kind of case in which Rule 185 requires a sworn denial of the justness of the claim, or whether the sworn denial filed by defendants is sufficient to comply with that rule. In their third counterpoint defendants say that any defect in their pleadings was waived by plaintiff's failure to object in the trial court. This counterpoint is sustained. Plaintiff filed no exception to the answer. Neither did he point out any defect in the answer by objection to evidence or motion for judgment. So far as this record shows, his contention that he is entitled to judgment because of the insufficiency of defendants' answer is made for the first time on this appeal. This matter is governed by Tex.R.Civ.Proc. 90:

"Every defect, omission, or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court * * * in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account."

The obvious purpose of this rule is to avoid reversals for defects in pleading that could have been obviated if pointed out in the trial court. A party is not permitted by the rule to try his case as if his opponent's pleading were sufficient, suffer an adverse judgment, and obtain a reversal on appeal on the ground that the opposing pleading is defective, even though that pleading lacks verification in the form required by law. Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989 (1948) (reversing, but approving holding of Court of Civil Appeals on this point, in Texas Indemnity Ins. Co. v. Watson, 207 S.W.2d 99, Tex.Civ.App., Galveston 1947); Robinson v. Faulkner, 422 S.W.2d 209 (Tex.Civ.App., Dallas 1967, writ ref'd n. r. e.); Wade v. Superior Ins. Co., 244 S.W.2d 893 (Tex.Civ.App., Eastland 1951, writ ref'd); Texas Osage Co-Op. Royalty Pool v. Kemper, 170 S.W.2d 849 (Tex.Civ. App., Galveston 1943, writ ref'd); Deffebach and Brown, Waiver of Pleading Defects and Insufficiencies in Texas, 36 Tex. L.Rev. 459, 472 (1958). Consequently plaintiff's first point is overruled.

In his second and third points of error plaintiff attacks the trial court's findings of fact and conclusions of law as being without support in the evidence. Examination of the statement of facts reveals a sharp conflict in the testimony. The only witnesses were the plaintiff Curry and defendant John Grizzaffi. Curry testified that Grizzaffi asked him to make an estimate of the repairs needed on defendants' rent house, that he inspected the house, made a list of the repairs needed, went over the list with Grizzaffi, and made him a price of $465, plus certain plumbing and electrical work which brought the total to $695. Curry bought materials, did the carpenter work himself, hired and paid a painter for four days' work, had an electrician rewire the house and paid him $100, and had certain plumbing work done for which he paid $130. He made demand on Grizzaffi for $695, but Grizzaffi refused to pay. Plaintiff introduced cancelled checks showing his payment to the materials supplier, the painter, the plumber and the electrician.

Grizzaffi testified that he had received a letter from the city advising him that certain repairs were required in order for the house to comply with city ordinance requirements, that he asked Curry to make an estimate of such repairs and prepare a contract to cover them, that Curry never brought him either an estimate or contract, that he did not learn that Curry was working on the house until Curry advised him that the work was halfway through and he then told Curry not to do any more, that he never had any kind of contract or agreement with Curry, that after Curry claimed he had finished the work the city condemned the house, and that the required repairs were made later by another contractor for $2,700.

Grizzaffi was not impeached in any way. His testimony contained no inconsistencies or inherent improbabilities. The trial court evidently believed it. We are unable to say that the trial court should have rejected it and accepted plaintiff's contrary version of the transaction. Consequently we hold that the evidence is sufficient to support the findings.

Affirmed.