Tomas B. GALLEGOS, Appellant,

v.

The MILLERS MUTUAL FIRE
INSURANCE COMPANY OF
TEXAS, Appellee.

No. 6553.

Court of Civil Appeals of Texas,
El Paso.

April 6, 1977.
Rehearing Denied May 4, 1977.

Merkin & Gibson, William L. Merkin, Sidney K. Gibson, Stephen A. Hines, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, George W. Finger, James T. McNutt, Jr., El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is a workmen's compensation case in which the trial Court granted the insurance carrier a summary judgment on the grounds that its insurance policy had been cancelled prior to the date of the claimant's accident. We have concluded that there is a fact issue as to the cancellation of the policy, and the summary judgment is reversed and the case remanded to the trial Court.

The Millers Mutual Fire Insurance Company of Texas, hereinafter called "Millers," alleged that it had issued its policy of insurance to the employer, Mauro Hernandez, d/b/a Tigua Dependable Plasterers, covering a period from April 10, 1973, to April 10, 1974, but that the policy was cancelled effective December 31, 1973, at the request of Mr. Hernandez. The accident of Mr. Gallegos, the employee, occurred on January 7, 1974. He contends the policy had not been properly cancelled at that time.

The summary judgment proof includes the affidavits of Gus Pineda, the agent who wrote the policy, and Houston Myers, an underwriter with Millers. Mr. Pineda states that Mr. Hernandez called him on the phone advising that he wished to cancel his policy, and the affidavit states that it was cancelled on December 31, 1973, when Mr. Hernandez surrendered the original policy to him. Mr. Pineda also said he sent the policy to Millers on January 2, 1974, with a notice indicating that the cancellation was effective December 31, 1973. Mr. Myers said Millers received the notice on January 4, 1974, and that the Company advised the Industrial Accident Board of such cancellation on January 28, 1974. His affidavit states that the cancellation was effective at the time the policy was surrendered to the agent in El Paso. Paragraph 15 of the terms of the policy provides:

"15. Cancelation This policy may be canceled by the insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancelation shall be effective. * * *"

After the hearing on the motion, but before judgment was entered, Appellant filed an affidavit of Mauro Hernandez and Appellant took his written deposition, which was filed. In the affidavit, he said:

"On approximately December 29, 1973, I went to see Mr. Gus Pineda about the amount of money I owed to Pineda-Rodehaver Insurance Agency, which was approximately $1,428.30. At that time I paid Mr. Pineda the full amount owing them, $1,428.30, which was for premiums for Miller Mutual Fire Insurance Company of Texas policy number 6508041, my workmen's compensation insurance policy. I then told Mr. Pineda that I was behind on my job and that I wanted to let the workmen's compensation insurance lapse, which I understood would happen when the policy expired. The premiums were fully paid at that time until April 10, 1974. I did not intend for the insurance to be cancelled on December 31, 1973, or any other time prior to its normal expiration. I received a refund of approximately $500.00 from the insurance

company several weeks after Mr. Tomas Gallegos' accident."

In reply to an interrogatory asking if he had requested that the Millers policy be cancelled prior to January 8, 1974, Mr. Hernandez said:

"No. I asked the company not to. I told them that I couldn't pay any more insurance or wages because I was owing them $1,428.30 and I was $22,000.00 behind on my job so I was deeply in debt, and then I was owing the withholding taxes on the employees. I had to go to Mr. Pineda and tell him that I couldn't pay any more on the workman's compensation, and he said then to bring the insurance and he'd cancel it. But I understood that it was going to be canceled when the premium ran out. It's common knowledge that when you buy insurance you buy it for a year. I did not intend for the policy to be canceled on December 31, 1973, and did not know that it was. My intention was for the policy to terminate at the time the premium expired. I wanted the insurance, but couldn't pay any more money."

He also said he surrendered the policy to Mr. Pineda at Mr. Pineda's request.

In passing on Appellant's first point of error concerning there being a material issue of fact as to whether the policy was terminated prior to the date of injury, we apply the rule set forth in *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company*, 391 S.W.2d 41 (Tex.1965). The general rule with regard to whether physical surrender of the policy constitutes a cancellation of the policy is set forth in 45 C.J.S. Insurance § 458 (1946), as follows:

"The mere physical surrender of a policy of insurance does not of itself terminate the contract, and whether a return or physical surrender of the policy constitutes an exercise of insured's right to cancel depends on intent as ascertained from surrounding circumstances. No cancellation will be effected by the surrender of the policy for a different purpose * * *."

When we disregard all conflicts in the evidence and accept as true the evidence which tends to support the position of the Appellant, and resolve all doubts as to the existence of a genuine issue of a material fact against the Appellee, we conclude that the summary judgment should not have been granted. The policy was delivered to Millers' agent, at his request. The policyholder did not ask to have the policy cancelled, but only agreed to let it lapse at the end of the policy period. Mr. Hernandez did not pay for coverage to December 31, but for the full policy year. When this evidence is viewed in the light most favorable to the party opposing the motion, there is no conclusive proof that the policyholder returned the policy intending that it be cancelled prior to April 10, 1974. Although the policy itself only requires surrender of the policy to an authorized agent, the law will inquire as to the purpose or intent at the time of surrender in determining whether a cancellation is to be effective. This is not a case of uncommunicated intent as was *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974). When Mr. Hernandez paid the premium for a full year, and said "I asked the company not to" cancel, intent was expressed. The Appellee has failed to meet its burden as to this particular issue of the case and is not entitled to judgment as a matter of law. Appellant's Point of Error No. 1 is sustained.

The Appellant next urges that the trial Court erred in entering summary judgment and in overruling his motion for new trial because the Appellee failed to comply with Rule 93(n)(6) by filing a verified plea that it was not the insurance carrier at the time of the alleged injury. In this connection, the carrier appealed the Board's award, and in its petition affirmatively alleged that the policy had been cancelled. The claimant filed an answer and cross-action in which he alleged that the Appellee had in full force and effect a policy of workmen's compensation insurance issued to his employer for the claimant's benefit. The carrier answered by general denial and

353

a plea of cancellation of the policy effective December 31, 1973. Such plea was not under oath as required by Rule 93(n)(6). Appellee urges that this defect in its pleading was waived under Rule 90 when no special exception was filed by the Appellant. In a trial on the merits, a failure to raise such a defect would be waived. *Watson v. Texas Indemnity Ins. Co.*, 147 Tex. 40, 210 S.W.2d 989 (1948). In *Baca v. Transport Insurance Company*, 538 S.W.2d 814 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.), we held that such waiver rule should not be applied, but in that case there was no affirmative pleading of the defense relied on. In this case, there is such a pleading but it was not verified.

▉ Rule 93(n) applies "In the trial of any case  *  *  *." Rule 90 requires the exception to be filed prior to judgment in a non-jury case. Our Courts have held that a summary judgment is a "trial" within the meaning of the Rules of Civil Procedure. *Jones v. Houston Materials Company*, 477 S.W.2d 694 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *Leche v. Stautz*, 386 S.W.2d 872 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.). Also see the opinion in *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 at 545 (Tex.1971), where Chief Justice Calvert said: "The trial process includes both the pleading and the trial stages, whether the trial stage be in summary or conventional trial proceedings." We believe a summary judgment hearing is a trial within the meaning of Rule 93(n), and that unless the carrier files a verified denial, those matters set out in Rule 93(n)(1–8), if pled by a plaintiff, are presumed to be true. We also conclude that a defect in the defendant's pleadings may be waived if such defect is not raised by special exception as required by Rule 90. Such a conclusion clearly implements the purposes behind the Rule. *Curry v. Grizzaffi*, 466 S.W.2d 835 (Tex.Civ.App.—Dallas 1971, no writ). While there is no need to point out a defect in a moving party's "evidence" under the holding in *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972), such rule should not be extended to matters of "pleading" where we have a rule which

expressly provides for a waiver of a defect in pleadings. The Appellant's second and third points of error are overruled.

Our ruling on the Appellant's first point of error makes it unnecessary that we pass upon the last two points of error. The summary judgment is reversed and the case is remanded to the trial Court.

WARD, Justice, concurring.

I concur that this case should be reversed as a fact issue is presented as to the cancellation of the policy. I further believe the Appellant's second point should be sustained. Further, I do not agree with the overbroad statement made indicating that insufficiency of the pleadings cannot be raised for the first time on appeal from summary judgment. That statement has been used in the past, but it is not always correct.

As applied to the pleadings of the non-movant, it was correctly used in the case of *Lewter v. Dallas County*, 525 S.W.2d 885 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.), where the non-movant plaintiff failed to allege previous presentment of his claim to the County. The Court correctly held that the summary judgment was improperly granted and followed the spirit of *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233 (1956). That case held that in a summary judgment proceeding, if the evidence shows, or raises a fact question as to, a ground of recovery or defense in favor of the non-movant, even though such ground of recovery or defense is not pleaded, such evidence will preclude a summary judgment in favor of the moving party.

As applied to the pleadings of the movant, then the question of whether or not the insufficiency of the pleadings can be raised for the first time on appeal depends upon the degree of the fault which is present in the movant's pleadings. In the present case, the insurance carrier from the time of filing suit alleged the cancellation of the workmen's compensation insurance policy, and that was the ground asserted in its motion for summary judgment. The Appellant may not have been misled, but there

354

was a complete failure to follow the requirements of Rule 93. That is something more than a "purely formal" defect in the movant's papers. Since "virtually all burdens are on the movant," why should we hold that the non-movant, upon penalty of waiver, appear and except to the movant's pleadings for having failed to verify them by affidavit? See *Swilley v. Hughes supra,* at 68. In *Baca v. Transport Insurance Company, supra,* there was a complete failure by the movant insurance company to plead the denial of good cause as required by Rule 93(n), and that case correctly held that the summary judgment should not have been granted. That case was decided in the spirit of the holding of *DeBord v. Muller,* 446 S.W.2d 299 (Tex.1969). There, the pleading of the movant DeBord never raised the proven affirmative defense of res judicata, a matter which was required to be pled by the terms of Rule 94. Here, the movant for summary judgment has undertaken to move for summary judgment on a matter not properly raised according to Rule 93. I would sustain the Appellant's second point.

All of this merely points to the problems which are present when rules as to pleadings which were drawn with a conventional trial in mind have to be applied to the entirely different concept of summary judgment, and the problem will continue as long as Rule 166–A retains its present form.

PRESLAR, Chief Justice, dissenting.

I respectfully dissent and would affirm the judgment of the trial Court by the application of presently existing law to the uncontroverted fact that no policy was in existence on the date of injury. See Rules 90 and 166–A, Tex.R.Civ.P.

ON MOTION FOR REHEARING

OSBORN, Justice.

The Appellee has filed a motion for rehearing in which it strongly urges that this case should be controlled by the decision in *Seale v. Nichols,* 505 S.W.2d 251 (Tex.1974). The motion urges that when Mr. Hernandez returned the policy to the

agent, there was no communicated intent that the policy not be cancelled. It is further contended that what Mr. Hernandez said in his affidavit or deposition about what he understood or intended does not suffice to establish a communicated intent that the policy not be cancelled. If the summary judgment evidence contained nothing more, we would agree. But the motion for rehearing fails to note that in the affidavit Mr. Hernandez said:

"* * * I then told Mr. Pineda * * that I wanted to let the workmen's compensation insurance lapse * * *."

Clearly, those words reflect an expressed communicated intention on the part of the policyholder. As noted in the earlier quote from 45 C.J.S. Insurance § 458 (1946), cancellation will not be effected where the surrender of the policy is for a purpose other than cancellation. Where the expressed intent upon surrender of the policy is for it to lapse, rather than to be cancelled, the party moving for summary judgment has not met its burden of proof and summary judgment should not have been granted.

The Appellee's motion for rehearing is overruled.

PRESLAR, C. J., dissents.