Alvin C. ROSE et ux., Appellants,

v.

**CARNEY'S LUMBER COMPANY,**
Appellee.

No. 1122.

Court of Civil Appeals of Texas, Tyler.

April 20, 1978.

Thad Floyd, Stripling & Sutton, Nacogdoches, for appellants.

Bill Pedersen, Jr., Rorie & Pedersen, Nacogdoches, for appellee.

DUNAGAN, Chief Justice.

This is a mechanic's and materialman's lien case. The case arose when the plaintiff, Carney's Lumber Company, filed suit against Alvin C. Rose and wife, Judy Rose, alleging that certain building materials had been supplied to one Jim Whitten Builder, Inc., for use in the construction of improvements on some property involved in this case. The original petition in the case alleged that Jim Whitten Builder, Inc. (Whitten), was the owner of the subject property at the time the materials were allegedly delivered, but that the Roses subsequently purchased the property from Whitten. Whitten was not joined as a party to the suit. The Roses filed an answer to Carney's original petition containing only a general denial.

On April 26, 1976, the Roses filed a motion for summary judgment contending that, as a matter of law, Carney had neither a constitutional mechanic's and materialman's lien nor a statutory mechanic's and materialman's lien against the property which they now own. On November 15, 1976, Carney also filed a motion for summary judgment. The motion for summary judgment filed by Carney was supported by an affidavit of Mr. Carney saying that certain building materials had been delivered to Whitten and attached the records showing these deliveries. Neither party filed any controverting affidavits in response to the summary judgment motions of the other party. The trial court granted the motion for summary judgment submitted by Carney's Lumber Company stating that Carney did have a lien on this property and ordering the sale of the property. The amount of the lien was adjudged to be $2,458.34.

The property in question in this case is rural land located in Nacogdoches County, Texas. The house which is located on this property and which is the subject of this suit is now owned by the Roses, but was built by Whitten as general contractor. In June 1974, the Roses had inspected the property described above, and were prepared to purchase it from the owner, one Everett J. Stephens. However, at the suggestion of Jim Whitten, it was decided that Whitten would purchase the property, build the house, and then convey both the house and the land to the Roses. Therefore, in July or August 1974, the property in question was deeded to Jim Whitten Builder, Inc., by Mr. Stephens. On July 23, 1974, the Roses entered into a contract to build and convey with Jim Whitten Builder, Inc., whereby Whitten was to construct a certain type dwelling house on the property, and after such construction was completed, Whitten was to convey the property and improvements to the Roses. The basis of this suit is the failure of Whitten to pay for the building materials furnished to be used in the construction of this house that the Roses eventually were deeded and occupied.

A summary judgment should only be granted when it clearly appears that only a question of law is involved and that there is no genuine issue of fact. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972). The function of summary judgment practice is the "elimination of patently unmeritorious claims or untenable defenses." *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952).

On a motion for summary judgment, the burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Gulbenkian v. Penn, supra.*

The appellants in their first point of error state that the trial court erred in granting the appellee a summary judgment because the summary judgment proof does not establish as a matter of law that the property in question is not homestead property. The appellee responds that the appellant has not affirmatively pled that the property was homestead and has thereby waived any factual issue concerning whether or not the property is homestead property.

■ We do not feel that the appellants' failure to affirmatively plead that the property is homestead property entitles the appellee to a summary judgment. If the summary judgment evidence discloses such an issue has not been proven as a matter of law, the issue has not been waived by the failure to plead it. The Texas Supreme Court stated in *Womack v. Allstate Insurance Company,* 156 Tex. 467, 296 S.W.2d 233 (1956) at p. 237:

> " . . . when the affidavits or other summary judgment 'evidence' disclose facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the opposite party."

See also *Roberts v. Haltom City,* 543 S.W.2d 75, 77 (Tex.1976); *Armstreet v. Greer,* 411 S.W.2d 403, 406 (Tex.Civ.App.—Tyler 1967, n.r.e.); *Maddox v. Oldham Little Church Foundation,* 411 S.W.2d 375, 377 (Tex.Civ. App.—Tyler 1967, n.r.e.); *Gonzales v. T.E. I.A.,* 408 S.W.2d 521, 523 (Tex.Civ.App.— Eastland 1966, n.r.e.); *Gallegos v. Millers Mutual Fire Ins. Co.,* 550 S.W.2d 350, 353 (Tex.Civ.App.—El Paso 1977, n.w.h.); *Gorrell v. Tide Products, Inc.,* 532 S.W.2d 390, 395 (Tex.Civ.App.—Amarillo 1975, n.w.h.); *Tiffany Development Corporation v. Cangelosi,* 514 S.W.2d 321, 325 (Tex.Civ.App.— Houston [1st Dist.] 1974, n.w.h.); *Holleman v. Halliburton Company,* 450 S.W.2d 883, 886 (Tex.Civ.App.—Fort Worth 1970, n.w. h.); *Little v. Buckley,* 440 S.W.2d 682, 687 (Tex.Civ.App.—Dallas 1969, n.w.h.).

■ The summary judgment evidence in this case does disclose a fact issue concerning the homestead character of this property. Alvin C. Rose in his deposition testified that there was a contract to build and convey entered into by the Roses and Whitten. Equitable title acquired under a contract of purchase is sufficient as a basis for a claim of homestead. *Hayes v. First Trust Joint Stock Land Bank,* 111 S.W.2d 1172 (Tex.Civ.App.—Fort Worth 1937, writ dism'd). In addition to the contract to build and convey, there is also testimony in the deposition that the Roses intended to move into the house and occupy it as soon as it was completed. Viewing the record in this case, we cannot say that it *clearly* appears that only a question of law is involved and that there is no genuine issue of fact. *Swilley v. Hughes,* supra, and Rule 166–A, Tex. R.Civ.P. The appellee has not met his burden to establish as a matter of law that there are no genuine issues of material fact in this case. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970); *Prestegord v. Glenn,* 441 S.W.2d 185 (Tex. 1969). Accordingly, appellants' first point of error is sustained.

The testimony of Alvin C. Rose in his deposition is not of sufficient force and clarity that we can say that the appellants are entitled to a judgment as a matter of law. The testimony of this interested witness is not clear, direct and positive with no circumstances in evidence tending to discredit or impeach such testimony. *Swilley v. Hughes,* supra; *Galvan v. Sisk,* 526 S.W.2d 717, 719 (Tex.Civ.App., n.w.h.). Therefore, his testimony cannot be the basis for a summary judgment in favor of the appellants and the appellants' second point of error is overruled.

Additionally, we feel we should point out that the instant case was tried before Rule 166–A was amended effective January 1, 1978, to state "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." In our case, the issue of the homestead character of this property was not expressly raised and presented to the trial court and were we called upon to decide this case based upon the new language of Rule 166–A we would reach a different result.

Judgment reversed and the cause remanded.