**Robert D. GEISER, Appellant,**

v.

**David LAWSON, Trustee, Appellee.**

**No. 5296.**

Court of Civil Appeals of Texas, Eastland.

June 14, 1979.

Rehearing Denied July 19, 1979.

James A. Moore, Houston, for appellant.

Will G. Dickey, Little & Dickey, Houston, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case. David Lawson filed a trespass to try title suit against Robert D. Geiser to recover title and possession of property purchased at an execution sale. Summary judgment was rendered for Lawson. Geiser appeals. We affirm.

After defaulting on the payments of a promissory note, Geiser had a final judgment rendered against him. The judgment creditor obtained a writ of execution and a constable of Harris County levied on and sold four condominium units owned by Geiser, being units 4, 5, 7 and 15. At the sale, pursuant to the judgment, writ of execution and levy, Lawson, being the highest bidder, purchased the four condominium units. The constable executed a deed to units 4, 5, 7 and 15 to Lawson and because Geiser remained in possession, Lawson filed the instant suit.

Geiser answered this trespass to try title suit with only a general denial and no allegation that units 4, 5, and 6 were his homestead. Unit 6 is not involved in this suit. Geiser also failed to respond to Lawson's notice of demand of abstract of title. Geiser neither answered nor filed any controverting affidavits in response to Lawson's motion for summary judgment. Lawson's motion was supported by affidavit to which was attached certified copies of (1) judgment upon which the writ of execution was issued; (2) writ of execution, levy and return; and (3) the constable's deed.

By suing in trespass to try title, Lawson assumed the burden of proving title in himself to the property in question. It was incumbent upon him to recover on the strength of his own title and not on the weakness of Geiser's title. *Hejl v. Wirth,* 161 Tex. 609, 343 S.W.2d 226 (1961). To establish title, Lawson could (1) prove a

regular chain of conveyances from sovereignty, (2) prove the superior title out of a common source, (3) prove title by limitation, or (4) prove prior possession and that possession had not been abandoned. *Land v. Turner*, 377 S.W.2d 181 (Tex.1964). His effort was to prove the superior title out of a common source, Geiser. *Pearson v. Flanagan*, 52 Tex. 266 (Tex.1879); *Pullin v. Funderburg*, 342 S.W.2d 63 (Tex.Civ.App.—San Antonio 1961, no writ).

■ The court in *Atkinson v. Dailey*, 238 S.W.2d 584 (Tex.Civ.App.—Amarillo 1951, no writ), discussing the passage of title at a sheriff's sale, said:

> Our courts have held that without proof of his power to sell, a sheriff's or constable's deed must be treated as a nullity. *Leland v. Wilson*, 34 Tex. 79; *Kruegel v. Cobb*, 58 Tex.Civ.App. 449, 124 S.W. 723, 727. In the case of *Mills v. Pitts*, 121 Tex. 196, 48 S.W.2d 941, 942, 84 A.L.R. 319, the Supreme Court said: "Nothing is better settled than that the authority of the sheriff to pass the judgment defendant's title at a sale under foreclosure by decree of court rests upon the decree and the order of sale. It is for this reason that the purchaser must introduce in evidence the decree of foreclosure and the order of sale in order to establish a valid divestiture of title out of the judgment defendant through a judicial foreclosure and sheriff's sale.   .   .   .

A summary judgment should only be granted when it clearly appears that a question of law is involved and there is no genuine issue of fact. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952).

The summary judgment proof established the constable's authority to pass Geiser's title at the sale and established a valid divestiture of title out of Geiser into Lawson. As a matter of law, therefore, Lawson established his title.

Geiser contends that there was at least an issue of fact as to his homestead claim and argues that the court erred in recognizing Lawson's title claimed by virtue of levy and execution on appellant's homestead. Geiser also urges that the trial court erred in finding that Tex.R.Civ.P. 792 was mandatory and precluded him from an evidentiary hearing on the issue of homestead.

The instant case was tried after the effective date of the amended Tex.R.Civ.P. 166–A which states in part: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal   .   .   ..."

The duty of the trial court, considering a summary judgment matter and the review of its ruling by an appellate court, was stated to be in *Dorbandt v. Bailey*, 453 S.W.2d 205 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.):

> [T]he trial court is charged with the duty of considering only the record as it appears before the court at the time of the hearing of the motion for summary judgment. Rule 166–A Texas Rules of Civil Procedure; *Dipp v. Rio Grande Produce, Inc.*, 330 S.W.2d 700, 702 (Tex.Civ.App., El Paso, 1959, writ ref. n. r. e.) and cases cited therein; *Womack v. I. & H. Development Company, Inc.*, 433 S.W.2d 937, 940 (Tex.Civ.App., Amarillo, 1968, n. w. h.).
>
> The review of the ruling of a trial court, by an appellate court, will be made on the record that was before said court at the time the ruling was made, and will not, as a rule, consider matters outside of the record. 4 Tex.Jur.2d, p. 237, Sec. 743.
> .   .   .

■ In the case at bar, the issue of the homestead character of the property was not expressly raised and presented to the trial court prior to the granting of the summary judgment. A person desiring to establish his right to a homestead must plead the existence of the homestead right. *Campbell v. First Nat. Bank in Lubbock*, 88 S.W.2d 1084 (Tex.Civ.App.—Amarillo 1935, writ ref'd). Geiser's general denial did not

put the homestead character of the property in issue. Under a plea of not guilty and without special pleading, Geiser could have interposed the defense of the homestead claim. *Smith v. Simpson*, 97 S.W.2d 522 (Tex.Civ.App.—Eastland 1936, writ ref'd).

As stated by the court in *Brinkley v. Brinkley*, 381 S.W.2d 725 (Tex.Civ.App.—Houston 1964, no writ):

> Rule 789, T.R.C.P., provides: "Under such plea of 'not guilty' the defendant may give in evidence any lawful defense to the action except the defense of limitations, which shall be specially pleaded."

> Rule 788 merely provides that the defendant *may* file a plea of not guilty. The rule operates in the interest of the defendant, since it relieves him from pleading specially his various defenses, and under such plea he is given the right to give in evidence any lawful defense except the defense of limitations which must be pled specially. . . .

See also *Cox v. Olivard*, 482 S.W.2d 682 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.).

 Whether the trial court erred in holding Tex.R.Civ.P. 792 was mandatory and precluded Geiser from an evidentiary hearing on the issue of homestead is immaterial.

Geiser having entered only a general denial to Lawson's trespass to try title suit and not having answered nor filed any controverting affidavits in response to the motion for summary judgment cannot now complain that the court erred in failing to give consideration to a homestead claim. See *Rose v. Carney's Lumber Co.*, 565 S.W.2d 571 (Tex.Civ.App.—Tyler 1978, no writ); Tex.R.Civ.P. 166–A.

The court in *Corder v. Foster*, 505 S.W.2d 645 (Tex.Civ.App.—Houston (1st Dist.) 1973, writ ref'd n. r. e.), discussing the purpose of Tex.R.Civ.P. 791 and 792, said:

> The purpose of Rules 791 and 792 of the Texas Rules of Civil Procedure, which specify the procedure for obtaining an abstract in writing of the claim or title upon which the opposing party relies, is to enable the person demanding such abstract to investigate the records and thereby determine the character of the instruments upon which the opposing party relies, so that an informed defense may be prepared. *Texas Company v. Lee*, Tex.Civ.App., 135 S.W.2d 180, modified on other grounds, 138 Tex. 167, 157 S.W.2d 628. . . .

See also *Davis v. Dowlen*, 136 S.W.2d 900 (Tex.Civ.App.—Beaumont 1939, writ dism. jdgmt. cor.); *Farhart v. Blackshear*, 434 S.W.2d 395 (Tex.Civ.App.—Houston (1st Dist.) 1968, writ ref'd n. r. e.).

Geiser, by his pleadings, had failed to raise an issue as to a homestead claim at the time of the hearing on Lawson's motion for summary judgment. Exclusion of such evidence at any subsequent hearing would be immaterial and thus harmless. Tex.R. Civ.P. 434.

We have considered and overrule all points of error. The judgment of the trial court is affirmed.