

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SAMMY LEE WOODS, JR., § | | No. 08-21-00083-CV |
| § | | |
| Appellant, § | | Appeal from the |
| § | | |
| v. § | | 131st Judicial District Court |
| § | | |
| ALTO ASSET COMPANY 3, LLC f/k/a FIREBIRD SFE I, LLC, § | | of Bexar County, Texas |
| § | | |
| Appellee. § | | (TC# 2020CI00620) |

## MEMORANDUM OPINION

This appeal arises out of the foreclosure of a residential home formerly owned by Appellant

Sammy Woods, Jr. Our Court is not the first to hear the dispute—Woods filed two prior federal

lawsuits against several parties involved in the foreclosure proceedings. After his federal lawsuits

were dismissed, Appellee ALTO Asset Company 3, LLC (ALTO) filed this state court lawsuit

against Woods asserting claims for trespass to try title, trespass to realty, and an action to quiet

title to the home. In the state court proceedings, ALTO prevailed on a motion for partial summary

judgment on its trespass to try title claim. Through a severance, that partial summary judgment

was converted to a final judgment. Woods, appearing pro se, now appeals the trial court's grant of summary judgment and severance order. For the following reasons, we affirm.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. History of the Property

In 2008, Woods and his first ex-wife, Sofia Huynh, bought a house in San Antonio, Texas (the Property). Woods and Huynh first mortgaged the house through lender W.R. Starkey Mortgage, L.L.P. (Starkey). One year later, the couple refinanced their mortgage loan through High Point Mortgage Corp. (High Point). Woods executed a deed of trust to High Point, and Starkey executed a deed releasing its rights, title, and interest in the Property (the first deed of release). Woods and Huynh divorced in 2011, and Woods was awarded the Property in the divorce decree. After Woods remarried to Darlene J. Aden-Woods, the couple again refinanced the mortgage loan on the Property, this time with Flagstar Bank, FSB (Flagstar). Woods executed a Deed of Trust to Flagstar, and in return, High Point released its rights, title, and interest in the Property (the second deed of release). Woods and Aden divorced in 2013, and Woods again received the Property in the divorce proceedings. In 2017, Flagstar transferred the mortgage loan to Lakeview Loan Servicing, LLC (Lakeview).

In 2016 or 2017, Woods defaulted on the payment of his mortgage loan with Lakeview. Supported by a "Substitute Trustee's Deed," Lakeview began foreclosure proceedings and notified

---

[1] This case was transferred from our sister court in San Antonio, and we decide it in accordance with the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

[2] Unless otherwise noted, all background facts are cited from ALTO's second amended motion for summary judgment, ALTO's live pleading when the trial court granted summary judgment, as well as the exhibits attached to the motion.

Woods that a foreclosure sale was scheduled for December 5, 2017. Firebird SFE I, LLC (Firebird) purchased the Property at the foreclosure sale.

### B. Woods's Federal Cases

Despite the foreclosure sale, Woods refused to vacate the Property and he filed two lawsuits in federal district court relevant here. In the first lawsuit, Woods sued Flagstar, Lakeview, Loancare (the loan servicer for Lakeview), and Lakeview's attorneys. The crux of Woods's lawsuit was that the sale of the Property through foreclosure was ineffective because he had superior title to the Property through the first and second releases of deed. The federal magistrate judge, however, recommended that Woods's lawsuit be dismissed with prejudice. In so doing, the magistrate found that there was no basis to support Woods's claim that Flagstar lacked authority to foreclose on the Property. In particular, the magistrate found that Woods failed to allege any facts that would support his causes of action, and that Woods's allegations did not give rise to a factually plausible claim against any defendant. *See Woods v. Flagstar Bank*, No. SA-17-CV-01209-FB, 2018 WL 7288031, at \*2-4 (W.D. Tex. Apr. 12, 2018). The district court judge accepted the magistrate's recommendation and dismissed Woods's claims with prejudice. *See Woods v. Flagstar Bank*, No. SA-17-CA-01209-FB, 2018 WL 6795986, at \*2 (W.D. Tex. Oct. 31, 2018). The appellate court dismissed Woods appeal for want of prosecution. *Woods v. Flagstar Bank*, No. 18-50999, 2019 WL 2314539, at \*1 (5th Cir. Mar. 6, 2019).

While the first lawsuit was still pending, Woods filed a second lawsuit in federal district court, alleging that Flagstar's property manager lacked standing to foreclose on the Property because of the first and second releases of deed. In its report and recommendation, a second federal magistrate judge found that Woods's claims in this lawsuit were duplicative of those in the first case and had been decided on the merits. The magistrate judge recommended dismissal of

3

Woods's lawsuit as "frivolous and malicious, [and] for failure to state a claim on which relief can be granted." *See Woods v. Main St. Renewal LLC*, No. 5-18-CV-0189-FB-RBF, 2018 WL 4677908, at *1 (W.D. Tex. May 30, 2018). The district court agreed and dismissed the second lawsuit. *See Woods v. Main St. Renewal LLC*, No. SA-18-CA-0189-FB, 2018 WL 4688780, at *1 (W.D. Tex. June 20, 2018). Woods again appealed the district court's ruling to the Fifth Circuit, and the appellate court dismissed the appeal for want of prosecution.

### C.   Firebird/ALTO sues Woods in State Court

Firebird then sued Woods for trespass to try title, trespass to realty, and an action to quiet title against Woods in state court. Firebird alleged it held title superior to Woods through the Substitute Trustee's Deed, alternately arguing that it acquired title to the Property from a common source, and that Woods lost title to the Property through the foreclosure proceeding. Pointing to the resolution of the federal cases, Firebird argued that Woods was collaterally estopped from arguing that the first and second releases of deed provided him with superior title to the Property. Firebird likewise argued that res judicata barred Woods from relitigating any claims raised in the federal cases. Based on a merger while the suit was pending, ALTO succeeded Firebird and the trial court substituted ALTO as plaintiff.

In its second amended partial summary judgment motion, ALTO sought judgment only as to its trespass to try title claim and against counterclaims that Woods had filed. ALTO supported the motion with 25 exhibits, which include the several deeds noted above, and the several opinions and orders from the federal proceedings. In addition, ALTO attached requests for admissions that Woods failed to answer. These included the following deemed statements:

1.   Firebird had superior title to the Property;

2.   The Property was sold in December 2017 through a foreclosure sale;

4

3. Firebird acquired title to the Property in fee simple;

4. Woods was the common source that passed title to the Property to Firebird through the Substitute Trustee's Deed; and

5. The first and second releases of deed did not convey or grant the Property to Woods.

In response, Woods filed a document titled "Defendant Affidavit of Facts in Support of Objection to Granting Plaintiff Summary Judgment." The document, however, largely consists of legal arguments and case citations. Following a hearing on ALTO's motion, the trial court granted judgment in ALTO's favor on its trespass to try title claim. The court found that ALTO had superior title to the Property and ordered that ALTO was entitled to a writ of possession to enforce the judgment. The court furthered ordered that Woods take nothing on his counterclaims against ALTO. ALTO moved to sever out its other claims which the court granted. Woods subsequently filed an "Objection to Granting of Summary Judgment" that the trial court denied.

Woods now appeals the trial court's grant of partial summary judgment in thirteen issues. Before addressing the merits of Woods's claims, we first address ALTO's argument that Woods has waived his claims through inadequate briefing.

## II. BRIEFING WAIVER

Appellant is acting pro se on appeal and we must construe his brief liberally and with patience. *See Johnson v. McAdams*, 781 S.W.2d 451, 452 (Tex.App.--Houston [1st Dist.] 1989, orig. proceeding) ("The Supreme Court directs us to seek the substance of a pro se complaint by reviewing pro se applications with liberality and patience."). But even so, the law is well-settled that a party proceeding pro se must comply with all applicable procedural rules. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.). Those procedural requirements include

5

proper presentation of a case on appeal as is similarly required in the trial court. *Id.* In short, reviewing courts cannot make allowances simply because a pro se litigant is not an attorney. *Jonson v. Duong*, 642 S.W.3d 189, 193 (Tex.App.--El Paso 2021, no pet.). Otherwise, such litigants would be given an unfair advantage over those parties represented by counsel. *Id.*

Our rules of appellate procedure require an appellant to clearly articulate the issues a reviewing court will be asked to decide, to make cogent and specific arguments in support of its position, to cite authorities, and to specify the pages in the record where each alleged error can be found. TEX.R.APP.P. 38.1; *Lee v. Abbott*, No. 05-18-01185-CV, 2019 WL 1970521, at *1 (Tex.App.--Dallas May 3, 2019, no pet.) (mem. op.); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex.App.--Dallas 2010, no pet.) (rules require appellants to "state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate"). Specifically, Rule 38.1 of the Texas Rules of Appellate Procedure requires an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). It is not enough to satisfy this requirement "by merely uttering brief conclusory statements unsupported by legal citations . . . ." *Jonson*, 642 S.W.3d at 194. Appellate courts have "no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Martinez v. Ward*, 303 S.W.3d 326, 328 (Tex.App.--El Paso 2009, no pet.), *quoting Valadez*, 238 S.W.3d at 845. The "[f]ailure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint." *Valadez*, 238 S.W.3d at 845.

On appeal, ALTO argues that Woods has waived all his appellate claims because his amended brief contains no citations to the clerk's record or reporter's record. Woods responds that he has provided citations to relevant case law and other authorities, and although he cites various federal authorities that have no applicability to this appeal, his briefs contain some citations to relevant legal authority and references to various documents filed in the trial court. But absent from Woods's amended brief and reply brief are direct citations to the clerk's record or reporter's record, and his briefing is thus deficient under Rule 38.1(i). *See* TEX.R.APP.P. 38.1(i). Moreover, this Court has stated that when reviewing a trial court's summary judgment order, we "'are not required to search the record for evidence raising a material fact issue without more specific guidance from the [non-movant].'" *Nevarez Law Firm, PC v. Investor Land Servs., LLC*, 645 S.W.3d 870, 883 (Tex.App.--El Paso 2022, no pet.), *quoting EP Hotel Partners, LP v. City of El Paso*, 527 S.W.3d 646, 654 (Tex.App.--El Paso 2017, no pet.).

We note one additional issue. Woods's principal brief refers to documents attached as exhibits to the brief. But a reviewing court may not consider documents that are not a part of the official appellate record. *See Robb v. Horizon Cmtys. Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589 (Tex.App.--El Paso 2013, no pet.); *see also Omohundro v. Ramirez-Justus*, 392 S.W.3d 218, 221 (Tex.App.--El Paso 2012, pet. denied) ("[C]iting to the brief's appendix is not a substitute for citing to the record."). Accordingly, we decline to consider those materials unless they also appear in the official clerk's record.

Ultimately, we decline ALTO's invitation to globally default the entire appeal based on briefing waiver. We will, however, apply the above principles as they may apply to each of Woods's thirteen issues on appeal.

### III. SUMMARY JUDGMENT

#### A. Standard of Review and Applicable Law

We review a trial court's order granting summary judgment de novo. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). When a party with the burden of proof moves for traditional summary judgment, that party "bears the burden to conclusively establish that it is entitled to judgment as a matter of law, notwithstanding the nonmovant's response or lack thereof." *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258-59 (Tex. 2020), *citing* TEX.R.CIV.P. 166a(c). A matter is conclusively established when "reasonable people could not differ in their conclusions . . . ." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *see also Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982) (a matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence). For traditional motions for summary judgment, we review the evidence in the light most favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts against the motion. *City of Keller*, 168 S.W.3d at 824; *see also Lightning Oil Co. v. Anadarko E&P Onshore*, *LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

#### B. The Denied Motion to Strike and Summary Judgment Affidavits

In Issue One, Woods argues that the trial court erred by granting ALTO's motion for summary judgment because the trial court *denied* ALTO's motion to strike Woods's summary judgment response. But the trial court's denial of ALTO's motion to strike Woods's untimely filed summary judgment response did not substantively defeat ALTO's claims; it simply meant that the court would consider Woods's response. ALTO carried the initial burden to conclusively prove all elements of its causes of action, and if it did, then Woods shouldered the burden to present

evidence raising a genuine issue of material fact. *See* TEX.R.CIV.P. 166a(c). When the trial court denied ALTO's motion to strike, it agreed to consider the substance of Woods's response. That only returns us to our central decision point of whether ALTO met its burden, and if so, whether Woods raised a genuine issue of material fact. The denial of the motion to strike carries no significance beyond that.

Woods also argues in Issue One that the trial court should have denied ALTO's motion for summary judgment because the court purportedly struck ALTO's summary judgment affidavits. Woods does not cite to the appellate record showing that the trial court struck the affidavits, and our review of the record does not support that assertion. Because the trial court's action is not supported by the record, we must disregard this argument.

Woods's Issue One is overruled.

### C.  Federal Rulings

In Issue Two, Woods argues that the trial court erred by misconstruing the orders entered in the federal district courts as part of Woods's two federal cases. Woods seems to contend that the federal judges had found that there was never a foreclosure on the house, which he claims is evidence raising a genuine issue of material fact sufficient to defeat ALTO's summary judgment motion. But the orders from the federal courts, which ALTO attached to its amended motion for summary judgment, do not contain the finding that Woods claims. The record does contain a "Substitute Trustee's Deed" that, as we explain below, demonstrated the existence of the December 2017 foreclosure sale of the house. Because the federal district courts' reports and orders do not raise a genuine issue of material fact on the existence of a foreclosure sale, Woods's argument lacks merit.

Woods's Issue Two is overruled.

**D. ALTO's Abstract of Title**

In Issues Three and Ten, Woods argues that the trial court erred by considering ALTO's abstract of title because it was never properly authenticated. But ALTO never offered the complained of abstract in support of the second amended summary judgment motion, and the record does not show that the trial court considered it in ruling on ALTO's motion. Because ALTO did not offer the abstract of title as summary judgment evidence, we presume that the trial court did not rely on it in ruling on the summary judgment motion, and thus Woods's complaint about its purported effect on the summary judgment order must fail.

Woods's Issues Three and Ten are overruled.

**E. Proof of Default and Foreclosure**

In Issues Four and Five, Woods argues that ALTO failed to prove its superior title to the Property. In particular, Woods contends that ALTO failed to provide evidence that he defaulted on the mortgage or that a foreclosure sale took place.

In an action for trespass to try title, a plaintiff must either: (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Heredia v. Zimprich*, 559 S.W.3d 223, 231 (Tex.App.--El Paso 2018, no pet.). "To prove a prima facie case of common source, the plaintiff must connect his title and the defendant's title through complete chains of title to the common source and then show that his title is superior to the one that the defendant derived from the common source." *Rife v. Kerr*, 513 S.W.3d 601, 609 (Tex.App.--San Antonio 2016, pet. denied) (citation omitted). To prove a common source, a plaintiff may rely on proof of conveyances through deeds to connect the plaintiff's title to the

10

defendant's title. *Id.* at 610, *citing* TEX.R.CIV.P. 798 (providing certified copies of deeds may show a plaintiff's chain of title).

As well, a plaintiff may prove superior title through proof that the plaintiff acquired title through a foreclosure sale. *See, e.g.*, *Casstevens v. Smith*, 269 S.W.3d 222, 235 (Tex.App.--Texarkana 2008, pet. denied); *Geiser v. Lawson*, 584 S.W.2d 347, 349 (Tex.App.--Eastland 1979, no writ). ALTO provided a notarized "Substitute Trustee's Deed" as summary judgment evidence. This document established that: (1) Woods at first had title to the property through a 2012 deed of trust; (2) as part of the mortgage, Woods conveyed the Property to Flagstar's trustee through a deed of trust; (3) Woods defaulted on the mortgage; (4) following the prior posting of written notice on the door of the Bexar County courthouse, a foreclosure sale through auction of the Property took place on December 5, 2017; and (5) Firebird won the auction of the Property and subsequently received title to the Property. Moreover, by failing to respond to the discovery requests, Woods admitted that the Property was sold at a foreclosure sale to Firebird in December 2017. We hold there is no genuine issue of material fact on this matter, and summary judgment was appropriate in this respect.

Woods's Issues Four and Five are overruled.

### F. Woods's Answer and Supporting Affidavit

In Issues Six, Twelve, and the second part of Issue Thirteen, Woods argues that the trial court erred by failing to address certain allegations raised in Woods's affidavit (that was purportedly attached to his answer). ALTO responds that because Woods's answer does not appear in the record before us, we cannot consider the assertions purportedly contained in the answer or affidavit. "Although [the summary judgment movant] bears the burden to prove its summary judgment as a matter of law, on appeal [the nonmovant] bears the burden to bring

forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error." *Matter of Estate of Abraham*, 583 S.W.3d 890, 894 (Tex.App.--El Paso 2019, pet. denied), *quoting Enterprise Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam). "If the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment." *Id.* at 894-95, *quoting Barrios*, 156 S.W.3d at 550. Because Woods has not ensured the inclusion of the answer, we presume that the filing supports the trial court's summary judgment ruling. *See Barrios*, 156 S.W.3d at 550. And although a document titled "Woods Affidavit of Facts Exhibits in Support of Motion for Summary Judgment" is attached to the appendix of Woods's amended brief, this document does not appear anywhere in the appellate record and we cannot consider it for any purpose. *See Robb*, 417 S.W.3d at 589 (a reviewing court may not consider documents attached to appellate briefs that do not appear in the appellate record).

That said, a "Defendant Affidavit of Facts in Support of Objection to Granting Plaintiff Summary Judgment" appears in the supplemental clerk's record. This affidavit is sworn but contains only legal arguments and no substantive factual allegations. Assuming that this is the filing to which Woods refers, it fails to raise any genuine issue of material fact. *See Clayton v. Wisener*, 169 S.W.3d 682, 684 (Tex.App.--Tyler 2005, no pet.) ("[A]rguments of counsel are not evidence."); *Hurdsman v. Mayo*, No. 02-17-00099-CV, 2018 WL 3060116, at *4 (Tex.App.--Fort Worth June 21, 2018, no pet.) (mem. op.) (legal arguments are not competent evidence that can raise a genuine factual issue in a summary judgment proceeding).

As part of his argument, Woods also argues that "the U.S. Supreme Court states than an affidavit must be answered in its entirety or a court's ruling is void." Woods provides no authority

requiring a Texas trial court to do so in a summary judgment proceeding. Because an appellant has the burden of providing supporting authority for the contentions made on appeal, this argument is waived. *See* TEX.R.APP.P. 38.1(i) (an appellate brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Valadez*, 238 S.W.3d at 845 ("Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint.").

Woods's Issues Six, Twelve, and this part of Issue Thirteen are overruled.

## G. Findings of Fact and Conclusions of Law

In Issue Seven, Woods argues that the trial court erred by failing to enter findings of fact and conclusions of law supporting its summary judgment order. This issue lacks merit because findings of fact and conclusions of law have no place in a summary judgment proceeding. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994). "If summary judgment is proper, then there are no facts to find, and the legal conclusions have already been stated in the motion and the response." *Lentino v. Frost Nat'l Bank*, No. 14-05-01179-CV, 2007 WL 2198827, at *4 (Tex.App.--Houston [14th Dist.] Aug. 2, 2007, pet. denied) (mem. op.), *citing Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 20 S.W.3d 119, 125 (Tex.App.--Houston [14th Dist.] 2000, pet. denied). Because a trial court need not enter findings and conclusions in a summary judgment proceeding, Woods's complaint on this issue is baseless.

Woods's Issue Seven is overruled.

## H. Motion to Strike ALTO's Witness Affidavits

In Issue Eight, Woods argues that summary judgment was inappropriate because the trial court granted his motion to strike ALTO's witness affidavits. Woods's purported motion to

strike, or an order granting such a motion, does not appear in the record. The only reference we can find is the trial court's denial of ALTO's motion to strike, which we address above.

Woods's Issue Eight is overruled.

## I. Severance

In Issue Nine, Woods argues that the trial court erred by severing ALTO's claims before the court's summary judgment order became final and Woods filed his notice of appeal. Under Rule 41 of the Texas Rules of Civil Procedure, "[a]ny claim against a party may be severed and proceeded with separately." TEX.R.CIV.P. 41. "A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007), *quoting Guaranty. Fed. Sav. Bank v. Horseshoe Op. Co.*, 793 S.W.2d 652, 658 (Tex. 1990). "[A]voiding prejudice, doing justice, and increasing convenience are the controlling reasons to allow a severance." *Id.* A trial court's order severing claims is reviewed for an abuse of discretion. *Id.*

ALTO argued in the trial court that severance was proper as to its suit to quiet title claim because Woods filed certain documents in Bexar County, Texas that potentially acted as a cloud upon ALTO's title to the Property. ALTO further argued that severance of its trespass of real property claim was appropriate because Woods purportedly entered onto the Property and occupied it. ALTO contended that both claims related to different facts and issues and could be asserted independently of the trespass to try title claim for which the court granted summary judgment. On appeal, Woods cites no authority explaining why the trial court's severance of the claims was an abuse of discretion or how severance affected the summary judgment order he now

14

challenges on appeal. Thus, we have no basis to reverse the trial court's grant of summary judgment or its order granting severance.

Woods's Issue Nine is overruled.

## J. Prevention of Appeal

In Issue Eleven, Woods argues that the trial court erred by preventing him from filing a motion for new trial and appealing the order granting summary judgment. Woods further complains that the trial court erred by failing to specifically inform him that he could appeal the order. Woods cites no authority stating that a trial court must inform a party that he has a right to an appeal. Rather, because a trial court cannot be both a neutral referee and an advocate in a lawsuit, the court cannot inform any party, including a pro se litigant, about how to try his case. *Spease v. Olivares*, 509 S.W.3d 512, 519 (Tex.App.--El Paso 2016, no pet.). And in any case, nothing in the record shows that the trial court hampered Woods's abilities to either file a motion for new trial or pursue this appeal.

Woods's Issue Eleven is overruled.

## K. Objection to Grant of Summary Judgment

Finally, Woods argues in the first part of Issue Thirteen that the trial court erred by failing to address his filed "objection" to the grant of summary judgment. Again, this filing does not appear in the record, and for that reason, the issue is waived. ALTO contends that Woods's "Defendant Affidavit of Facts in Support of Objection to Granting Plaintiff Summary Judgment," which is part of the supplemental clerk's record, is the "objection" to which Woods refers. We addressed the merits of that claim below and rejected it because the "Affidavit" contains no substantive factual allegation that creates a genuine issue of material fact.

This part of Woods's Issue Thirteen is overruled.

## IV. CONCLUSION

The trial court's order granting summary judgment is affirmed.


JEFF ALLEY, Justice

August 24, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.