**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 28, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11217

_____

BURLINGTON NORTHERN & SANTA FE RAILWAY COMPANY,

Plaintiff,

POOLE CHEMICAL COMPANY,

Defendant - Third Party Plaintiff - Appellant,

versus

SKINNER TANK COMPANY; ET AL.,

Third Party Defendants,

SKINNER TANK COMPANY,

Third Party Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

This appeal requires the court to decide whether § 9658 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) preempts the Texas statute of repose in a lawsuit involving a buyer's products liability claim. After considering that issue, the court concludes that § 9658 does not preempt the Texas statute of repose and affirms the judgment of the district court.

**Background Facts**

Appellant Poole Chemical Company (Poole) operates an agricultural blending facility near Slanton, Texas. Appellee Skinner Tank Company (Skinner) manufactures and sells storage tanks. Skinner manufactured two large above-ground storage tanks and sold them to Poole on October 28, 1988.

On January 29, 2003, one of the tanks ruptured. The rupture released several hundred thousand gallons of chemicals onto Poole's property and an adjacent railroad right-of-way. Poole and the Slanton fire department initiated emergency response services; Poole reclaimed some of the spilled chemicals. Plaintiff Burlington Northern & Santa Fe Railway Company (the "railroad company") conducted an emergency clean-up and restoration of its right-of-way at a cost of $2.1 million. On March 4, 2004, the railroad company sued Poole under CERCLA for the cost of the clean-up.

Having learned that it had no insurance to cover the cost of the accident, Poole filed a third-party complaint against three defendants, one of which was Skinner, on April 19, 2004. Poole brought various state law claims against Skinner, alleging that the tank Skinner sold it was defective.

Skinner moved for summary judgment based on Texas's 15-year statute of repose for products liability claims against manufacturers. Skinner argued that Poole's claims were barred because Poole did not file its complaint within 15 years of the sale of the tank. Poole responded with various arguments about

2

why the statute of repose did not apply to its claims.  The district court thoroughly analyzed each of Poole's arguments and determined that the statute barred each of Poole's claims.  The district court entered judgment in Skinner's favor and certified the judgment as final as to Poole and Skinner.  Poole challenges the district court's summary judgment in this appeal.  This court reviews the judgment de novo.[1]

### Whether Texas's 15-Year Statute of Repose Applies

Section 16.012 of the Texas Civil Practice and Remedies Code establishes a 15-year statute of repose for products liability cases.  That section provides that "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant."[2]  Here, the date of the sale of the allegedly defective product was October 28, 1988; Poole filed its lawsuit on April 19, 2004, more than 15 years after the date of the sale.  Thus, if § 16.012 applies, Poole's claim is barred.

The current version of § 16.012 applies to actions filed on or after July 1, 2003.[3]  That version became effective on

---

[1] *Pension Ben. Guar. Corp. v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 366 (5th Cir. 2004); *Olander v. Compass Bank*, 363 F.3d 560, 564 (5th Cir. 2004).

[2] TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(b) (Vernon Supp. 2004-05).

[3] TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(b) historical note (Vernon Supp. 2004-05) [Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02, 2003 Tex. Gen. Laws 847, 899].

September 1, 2003—seven months after the chemical spill occurred and one month and 28 days before the fifteenth anniversary of the sale of the Skinner tanks to Poole.[4]  Because the 15-year repose period affects claims that arose from events that occurred before the law came into effect, it is a retroactive law.[5]  Poole maintains that § 16.012 cannot be applied retroactively because there is no clear legislative intent for retroactive application.

Under Texas law, an "act will not be applied retrospectively unless it appears by fair implication from the language used that it was the intent of the Legislature to make it applicable to both past and future transactions."[6]  Here, the plain language of § 16.012 demonstrates that the Texas legislature intended for the 15-year repose period to apply retroactively.  The provision provides that a claim for a defective product must be brought before the end of 15 years after the date of the sale.[7] Moreover, the legislature specifically provided that the repose period applies to "an action <u>filed</u> on or after July 1, 2003."[8]

---

[4]Previously, § 16.012 applied to manufacturers of manufacturing equipment.

[5]*Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 633 (Tex. 1996); *Tex. Water Rights Comm'n v. Wright*, 464 S.W.2d 642, 648 (Tex. 1971).

[6]*Ex parte Abell*, 613 S.W.2d 255, 258 (Tex. 1981).

[7]TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(b) (Vernon Supp. 2004-05).

[8]TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(b) historical note (Vernon Supp. 2004-05) [Act of June 2, 2003, 78th Leg., R.S., ch.

4

Had the Texas legislature intended for § 16.012 to apply only prospectively, the legislature would have provided that the 15-year repose period applies to actions that "accrued" on or after July 1, 2003. Thus, the Texas legislature intended for the statute of repose to apply retroactively.

### Whether Retroactive Application Violates Texas's General Prohibition Against Retroactive Laws

Poole maintains that retroactive application of § 16.012 would violate the Texas constitution's prohibition against retroactive laws. In general, the Texas constitution prohibits retroactive laws.[9] Texas courts, however, have indicated that laws affecting a remedy are not unconstitutionally retroactive under the Texas constitution unless the remedy is entirely taken away.[10] The Texas legislature can restrict the time for filing a claim without violating the retroactivity provision of the Texas constitution so long as "it affords a reasonable time or fair opportunity to preserve a claimant's rights under the former law, or if the amendment does not bar all remedy."[11]

Section 16.012 does not bar all remedy, but rather shortens

_____

204, § 23.02, 2003 Tex. Gen. Laws 847, 899] (emphasis added).

[9]Tex. Const. art. 1, § 16.

[10]*City of Tyler v. Likes*, 962 S.W.2d 489, 502 (Tex. 1997).

[11]*Likes*, 962 S.W.2d at 502 (discussing a new immunity provision of the Texas Tort Claims Act that prevented the plaintiff from recovering from a municipal defendant even though the plaintiff's claim accrued before the new defense was available to the defendant).

5

the time for filing suit on a claim.  Whereas the Texas legislature had not previously specified a time for filing suit for a defective product against a manufacturer, it did so when it amended § 16.012.  Here, the tank ruptured approximately seven months before § 16.012 became effective and almost two months before the expiration of fifteen years following the sale of the Skinner tanks.  As result, Poole had nine months (from the January 29, 2003 rupture of the tank until the October 28, 2003 fifteenth anniversary of the sale of the tanks) to file its third-party complaint against Skinner——and at least one month and 28 days following the September 1, 2003 effective date of the amendment to § 16.012.  Poole thus had a reasonable amount of time in which to file its third-party complaint, constituting a fair opportunity to preserve its rights against Skinner under the former Texas law.[12]  If Poole believed that a defective tank caused the accident, it did not need to wait until it was sued by

---

[12]*See Likes*, 962 S.W.2d at 502 (determining that retroactive application was not unreasonable where the plaintiff had 17 months to file her claim before it was barred by a new statute); *Wright*, 464 S.W.2d at 642 (concluding that a new statute that provided for cancellation of water permits upon proof of ten continuous years of nonuse provided a reasonable remedy despite the fact that six months of the ten-year period was prior to the statute's effective date); *AT&T v. Rylander*, 2 S.W.3d 546, 554 (Tex. App.——Austin 1999, pet. denied) (deciding that 11 months is a reasonable amount of time to file a request for a refund where a new law established a statute of limitations); *but see Alvarado v. Gonzales*, 552 S.W.2d 539, 542-43 (Tex. Civ. App.——Corpus Christi 1977, no writ) (explaining that a new statute that gave a mother only 21 days to establish paternity and enforce child support could not be applied retroactively).

the railroad company, or until it realized it had no insurance, to file its lawsuit against Skinner. Accordingly, retroactive application of § 16.012 does not violate the Texas constitution's general prohibition against retroactive laws.

### Whether Retroactive Application Violates the Texas Open Courts Policy

Poole also argues that retroactive application violates the Texas constitution's open courts provision because it prevents Poole from pursuing what it characterizes as accrued, vested causes of action. Poole argues that applying § 16.012 to its causes of action cuts short the otherwise applicable two-year limitations period by 15 months and thus takes away its remedy.[13]

The Texas open courts provision states that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."[14] This provision "does not create any new right, but is a declaration of a general fundamental principle that for such wrongs as are recognized by the law of the land, the [Texas] courts shall be open and afford a remedy."[15] A plaintiff who

---

[13]Poole asserted claims for negligence, strict liability, and breach of warranty. The Texas statute of limitations for negligence and strict liability is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2002). The statute of limitations for Poole's warranty claim is four years. TEX. BUS. & COMM. CODE ANN. § 2.725 (Vernon 1994).

[14]TEX. CONST. art. 1, § 13.

[15]*Ellerbe v. Otis Elevator Co.*, 618 S.W.2d 870, 873 (Tex. Civ. App.—Houston [1st Dist.] 1981).

7

claims that a law violates the Texas open courts provision can prevail by showing that "the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute."[16] In Texas, a statute is presumed to be constitutional.[17] Thus, Poole has the burden of showing that § 16.012 is unconstitutional.[18]

Here, Poole cannot meet his burden because Texas courts have determined that the 15-year repose period for defective products is "reasonably related to the legitimate state purpose of protecting manufacturers and sellers from stale claims."[19] Additionally, "Texas courts have repeatedly held that statutes of repose do not violate the open courts provisions of the Texas Constitution."[20] In order for common law causes of action like Poole's claims to be protected by the Texas constitution, the claims "must be a vested right or something more than a mere

---

[16]*Rose v. Doctors Hosp.*, 801 S.W.2d 841, 843 (Tex. 1990); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 444 (Tex. App.——Austin 2004, pet. denied).

[17]*Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex. 1996).

[18]*Enron*, 922 S.W.2d at 934.

[19]*Zaragosa v. Chemetron Inv., Inc.*, 122 S.W.3d 341, 346 (Tex. App.——Fort Worth 2003, no pet.).

[20]*Zaragosa*, 122 S.W.3d at 346; *see also Barnes v. J.W. Bateson Co.*, 755 S.W.2d 518, 521 (Tex. App.——Fort Worth 1988, no writ) (stating that 10-year statute of repose for claims against architects does not violate open courts provision).

expectancy based upon an anticipated continuance of existing law."[21]  In Texas, a "party has no vested right to a cause of action" because neither the federal constitution nor the Texas constitution "forbids the abolition of common-law rights to attain a permissible legislative objective."[22]  Thus, prior to September 1, 2003, Poole had nothing more than an expectation based on an anticipated continuance of existing law, an expectation that is not protected by the Texas constitution.[23]  Consequently, retroactive application of § 16.012 does not violate the open courts provision of the Texas constitution.

**Whether CERCLA Preempts Texas's 15-Year Statute of Repose**

Finally, Poole contends that § 9658 of CERCLA preempts § 16.012, superimposing a rule of discovery on the commencement of the running of § 16.012's period of repose.  Poole thus maintains that under § 9658, the 15-year period of repose did not begin to run until January 29, 2003, when the tank ruptured.

Section 9658 provides that in state law causes of action for personal injury or property damage arising from exposure to any hazardous substance or contaminant released into the environment from a facility, where the applicable "statute of limitations"

---

[21]*Zaragosa*, 122 S.W.3d at 346-47.

[22]*Tex. Gas Exploration Corp. v. Fluor Corp.*, 828 S.W.2d 28, 32 (Tex. App.——Texarkana 1991, writ denied).

[23]*Zaragosa*, 122 S.W.3d at 346-47; *McCulloch v. Fox & Jacobs*, 696 S.W.2d 918, 924 (Tex. App.——Dallas 1985, writ ref'd n.r.e.).

provides a commencement date that is earlier than the "federally required commencement date" (FRCD), the later federal date controls.[24] Section 9658 defines "commencement date" as the "date specified in a statute of limitations as the beginning of the applicable limitations period,"[25] and defines the FRCD as "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages . . . were caused or contributed to by the hazardous substance . . . concerned."[26] Thus, § 9658 engrafts a discovery rule on state statutes of limitations, deferring the "accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should

---

[24]Specifically, § 9658 provides as follows:

(a) State statutes of limitations for hazardous substance cases

(1) Exception to State statutes

In the case of any action brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute.

(emphasis added).

[25]42 U.S.C. § 9658(b)(3).

[26]*Id.* at § 9658(b)(4)(A).

10

have known of the facts giving rise to the cause of action."[27]

Poole maintains that § 9658 preempts § 16.012 because § 16.012 contains no discovery rule. Poole contends that under § 9658 the date of the sale of the tank is the commencement date, and that because the sale of the tank was earlier than the date Poole knew about its injury, the FRCD applies to its claim. Poole maintains that the 15-year repose period is a 15-year limitations period that began to run on the date of the rupture of the tank; thus, Poole argues that it had until January 29, 2018 to file its claim.[28]

In cases involving statutory construction, a court begins with the plain language of the statute.[29] A court assumes that the legislative purpose of a statute is "'expressed by the ordinary meaning of the words used.'"[30] A court considers the language used in a statute as conclusive unless Congress has

[27]*Computer Assoc. Int'l v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996).

[28]If § 9658 completely preempts § 16.012 as Poole argues, § 16.012's 15-year repose period would not apply. Instead, the applicable Texas statutes of limitations that would ordinarily apply to Poole's state law claims would apply; that is, Poole would have two years from the date of the rupture to file his negligence and strict liability claims, and four years to file his contract claim.

[29]*See Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982) (explaining the basic principles of statutory construction before interpreting a provision of the Civil Rights Act of 1964).

[30]*Am. Tobacco Co.*, 456 U.S. at 68 (quoting *Richards v. United States*, 369 U.S. 1, 9 (1962)).

11

clearly expressed a contrary intent.[31]

Here, the reach of the plain language of § 9658 does not extend to statutes of repose like § 16.012. Literally, § 9658 states that it only preempts state law when the applicable state <u>statute of limitations</u> "provides a commencement date which is earlier than the [FRCD]"—no mention of peremptory statutes or statutes of repose. The provision defines "commencement date" as the "date specified in a <u>statute of limitations</u> as the beginning of the applicable limitations period."[32] Section 16.012, however, is not a statute of limitations; it is a statute of repose, and the differences between statutes of limitations and statutes of repose are substantive, not merely semantic.

Although courts considering the applicability of § 9658 have not always clearly distinguished a statute of repose from a statute of limitations,[33] the two types of statutes are quite

---

[31]*Id.*

[32]42 U.S.C. § 9658(b)(3) (emphasis added).

[33]*See First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 868 (4th Cir. 1989) (determining that § 9658 does not preempt a Maryland statute of repose in an asbestos-removal action because CERCLA's legislative history indicated that it was not intended to apply to substances that are part of a structure, despite clear indication that court recognized the difference in a statute of repose and a statue of limitation); *Elec. Power Bd. of Chattanooga v. Monsanto Co.*, 879 F.2d 1368, 1378 (6th Cir. 1989) (explaining that a plaintiff's claims about equipment purchased more than ten years from the date of filing of the lawsuit were untimely under CERCLA and barred by a Tennessee statute of repose); *Covalt v. Carey Canada*, 860 F.2d 1434, 1436 (7th Cir. 1988) (finding that § 9658 did not

12

different.

> A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time. It cuts off the remedy. . . . A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes the cause of action after the passage of time even though the cause of action may not have yet accrued.[34]

Typically, a statute of limitations for an action sounding in tort starts to run on the date of the plaintiff's legal injury.[35] When an injury is inherently undiscoverable, however, states often use the discovery rule to toll the running of the limitations period until the plaintiff "discovers, or in

---

preempt Indiana statute of repose because CERCLA applies only to releases into the environment and plaintiff's claim involved his exposure to asbestos, not a release of a hazardous substance); *Buggsi, Inc. v. Chevron U.S.A.*, 857 F. Supp. 1427, 1433 (D. Or. 1994) (concluding that § 9658 preempts an Oregon statute of repose in a landowner's action against the owner of an adjacent petroleum bulk storage and distribution plant even though petroleum is not defined as a hazardous substance because petroleum is a pollutant and the plant was a facility, without making any distinction between a statute of repose and a statute of limitations); *A.S.I., Inc. v. Sanders*, 835 F. Supp. 1349, 1358 (D. Kan. 1993) (rejecting an argument that § 9658 did not preempt a Kansas statute of repose because a statute of repose is substantive rather than procedural because other courts have treated the two types of statutes in the same way); *Knox v. AC & S, Inc.*, 690 F. Supp. 752, 758 (S.D. Ind. 1988) (deciding that § 9658 does not preempt Indiana statute of repose in an asbestos products liability case without considering whether § 9658 applies to statutes of reposes).

[34]*Servicios-Expoarma, C.A. v. Indus. Mar. Carriers*, 135 F.3d 984, 989 (5th Cir. 1998) (quoting *Harding v. K.C. Wall Prods.*, 831 P.2d 958, 967 (Kan. 1992)).

[35]*Coastal Distrib. Co. v. NGK Spark Plug Co.*, 779 F.2d 1033, 1036 (5th Cir. 1986).

exercising reasonable diligence should have discovered, facts that indicate he has been injured."[36]  In contrast, awareness of injury is not a factor in determining when the time period of a statute of repose starts to run.[37]  Unlike a statute of limitations, "a statute of repose creates a substantive right to be free from liability after a legislatively determined period."[38]  In other words, a statute of repose establishes a "right not to be sued," rather than a "right to sue."  Thus, with the expiration of the period of repose, the putative cause of action evanesces; life cannot thereafter be breathed back into it.  In Texas, such statutes "represent a response by the [Texas] legislature to the inadequacy of traditional statutes of limitations and are specifically designed to protect [manufacturers] . . . from protracted and extended vulnerability to lawsuits."[39]

Section 16.012 is clearly a statute of repose because it cuts off a claimant's right to sue a manufacturer for a product

---

[36]*Colonial Penn Ins. v. Market Planners Ins. Agency*, 157 F.3d 1032, 1034 (5th Cir 1998); *see also In re Coastal Plains*, 179 F.3d 197, 214 (5th Cir. 1999).

[37]*Wayne v. Tenn. Valley Auth.*, 730 F.2d 392, 401-02 (5th Cir. 1984).

[38]*Cadle Co. v. Wilson*, 136 S.W.3d 345, 350 (Tex. App.—Austin 2004, no pet.).

[39]*Tex. Gas Exploration Corp.*, 828 S.W.2d at 32 (discussing the Texas statute of repose that applies to claims against architects and builders).

defect by requiring him to "commence a products liability action

. . . before the end of 15 years after the date of the sale of

the product by the defendant,"[40] and because it runs from an act

of the defendant——"the date of the sale of the product by the

defendant."[41]  The plain language of § 9658, however, refers to

state statutes of limitations——not state statutes of repose.

This court is bound by that plain language, absent express

congressional intent to the contrary.[42]  Congress did not express

a contrary intent in this instance.

In enacting CERCLA, Congress intended "to facilitate the

prompt cleanup of hazardous waste sites and to shift the cost of

environmental response from the taxpayers to the parties who

benefitted from the wastes that caused the harm."[43]  Section 9658

was not part of the original CERCLA.  Congress added § 9658 as

part of the 1986 CERCLA amendments to respond to a report by a

congressional study group that determined that many state systems

were inadequate to deal with the delayed discovery of the effect

---

[40]TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(b) (Vernon Supp. 2004-05).

[41]TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(b) (Vernon Supp. 2004-05).

[42]*Am. Tobacco Co.*, 456 U.S. at 68.

[43]*OHM Remediation Servs. v. Evans Cooperage Co.*, 116 F.3d 1574, 1578 (5th Cir. 1997).

15

of a release of a toxic substance.[44]  Congress was concerned that in the case of a long-latency disease like cancer, a plaintiff could be barred from bringing his lawsuit if the state statute of limitations ran from the time of the first injury rather than from the time when the plaintiff discovered that his injury was caused by the hazardous substance.[45]  Congress fixed this problem by preempting the state statute of limitations with the FRCD, which runs from the date the plaintiff knew or reasonably should have known that his injury was caused by exposure to the hazardous substance.  As a result, CERCLA's legislative history indicates Congress intended for § 9658 to preempt a state statute of limitations that deprives a plaintiff who suffers a long-latency disease caused by the release of a hazardous substance of his cause of action, but not to preempt a state statute of repose like § 16.012.

This interpretation comports with a fundamental principle of statutory construction—common sense.[46]  Under the proper

---

[44]*See* H.R. CONF. REP. No. 99-962, 2d Sess. 262, *reprinted in* 1986 U.S.C.C.A.N. 3276, 3354.

[45]*See id.*

[46]*See Cal. v. F.E.R.C.*, 383 F.3d 1006, 1016-17 (9th Cir. 2004) (explaining that the court must be guided by common sense in determining congressional intent); *United States v. Nippon Paper Indus. Co.*, 109 F.3d 1, 4 (1st Cir. 1997) (describing common sense as a good barometer of statutory meaning); *Salt Lake City v. Western Area Power Admin.*, 926 F.2d 974, 984 (10th Cir. 1991)(stating that the most fundamental guide to statutory construction is common sense); *First United Methodist Church of*

application of that principle, § 9658 does not preempt § 16.012.

In addition, this case does not involve the delayed discovery for which § 9658 was intended to address. The case does not implicate a long-latency disease or involve a situation where the time for filing a claim expired before the plaintiff learned that a hazardous substance caused his injury. Poole's alleged injury was not inherently undiscoverable. Poole knew about its injury as soon as the tank ruptured, and is held to knowledge of the amendment to § 16.012 no later than its effective date, September 1, 2003; yet Poole did not file its third-party complaint until almost 16 months after the rupture.

### Conclusion

Retroactive application of § 16.012 does not offend the Texas constitution, and CERCLA's § 9658 does not preempt § 16.012, vis-à-vis Poole's product liability claims against Skinner. Thus, the district court properly entered summary judgment in Skinner's favor. Consequently, the court AFFIRMS the district court's judgment.

AFFIRMED.

---

*Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 869 (4th Cir. 1989) (referring to common sense as the most fundamental guide to statutory construction).