COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-274-CV

 

 

THE BURLINGTON NORTHERN AND                                        APPELLANT

SANTA
FE RAILWAY COMPANY

 

                                                   V.

 

GUNDERSON, INC. AND                                                        APPELLEES

ASF-KEYSTONE,
INC.

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant BNSF Railway
Company (f/k/a The Burlington Northern and Santa Fe Railway Company) appeals
from a summary judgment granted in favor of Appellees Gunderson, Inc. and
ASF-Keystone, Inc.  BNSF argues that the
trial court erred by failing to conduct a choice-of-law analysis, by hearing
the summary judgment motions before BNSF had adequate time to determine through
discovery which state=s law
applies to its claims, and by applying the Texas statute of repose as a bar to
BNSF=s claims.  We affirm.

                                            Background

In 1988, BNSF ordered 210
railroad boxcars from Gunderson. 
Gunderson designed and built the boxcars in Oregon.  The boxcars included a coupling assembly to
connect one to another.  Part of the
coupling assembly is a device called the Adraft key retainer system.@  Gunderson purchased the draft
key retainer system for BNSF=s boxcars from Keystone, a Delaware corporation with general offices
in Illinois and an Aend-of-car@ parts factory in Pennsylvania. 
Gunderson delivered the boxcars to BNSF in November 1988.[1]


On November 4, 2000, a BNSF
train derailed in Scottsbluff, Nebraska, resulting in a chemical spill and
exposing BNSF to extensive claims for property damage, environmental cleanup
costs, personal injuries, and business interruption damages.  BNSF alleges that the derailment was caused
by the failure of Keystone=s draft key retainer system on one of the boxcars furnished by
Gunderson. 








On November 2, 2004, BNSF
sued Gunderson and Keystone for negligence, product liability, breach of
warranty, contribution, equitable indemnity, and unjust enrichment; it also
sued Gunderson for breach of contract and contractual indemnity.  Gunderson and Keystone filed traditional
motions for summary judgment in September and October 2005, arguing that BNSF=s claims were barred by the Texas statute of repose.  BNSF filed a response to the motions, arguing
among other things that summary judgment was premature because it had been
unable to conduct sufficient discovery to determine which state=s or states= law
governed its claims and requesting a continuance under rule of civil procedure
166a(g).  BNSF also argued that Texas law
did not apply to the claims, but it never moved the trial court to take
judicial notice of any other state=s law.

The trial court ultimately
granted the motions for summary judgment. BNSF filed this appeal.       

                                             Discussion

1.     Choice of Law








BNSF first argues that the trial
court erred by assuming that Texas law applied and by failing to conduct a
choice-of-law analysis.  A trial court=s determination of choice of law is a question of law, which we review
de novo.  Pittsburgh Corning Corp. v.
Walters, 1 S.W.3d 759, 769 (Tex. App.CCorpus Christi 1999, pet. denied). 


Under rule of evidence 202, a
party may compel a trial court to take judicial notice of another state=s law by filing a motion, giving notice to other parties, and
furnishing the court with sufficient information to enable it to properly
comply with the request.  Tex. R. Evid. 202.  But A[w]hen a party fails to request judicial notice of the law of another
state as permitted under Rule 202, >Texas courts will simply presume that the law of the other state is
identical to Texas law.=@  Coca‑Cola Co. v.
Harmar Bottling Co., 218 S.W.3d 671, 695 (Tex. 2006) (Brister, J.,
dissenting) (quoting Olin Guy Wellborn III, Judicial Notice Under Article II
of the Texas Rules of Evidence, 19 St.
Mary=s L.J. 1, 27
(1987)).  A preliminary motion is
necessary to assure the application of the law of another jurisdiction, and
absent a motion by a party, Texas law may be applied to a dispute.  Pittsburgh Corning Corp., 1 S.W.3d at
769.








BNSF never moved the trial
court to take judicial notice of another state=s law.  In its original
petition, BNSF alleged that resolution of its claims Amay require application of the
laws of other states@ [emphasis
added] and stated that it Aintends to prove at trial the applicable laws of Nebraska, Oregon,
Pennsylvania[,] or other states,@ but its live pleading at the time of the summary judgment hearingCits third amended petitionCmade no conflict-of-law allegation and, indeed, did not even mention
the possibility that another state=s law might apply.  In its
summary judgment responses, BNSF argued that there was a choice-of-law dispute,
but claimed it could not identify which state=s law applied because Gunderson and Keystone had stonewalled its
discovery efforts. Yet even in its summary judgment response, BNSF did not ask
the trial court to take judicial notice of any other state=s law, nor did it Afurnish the court sufficient information to enable it properly to
comply@ with such a request as required by rule 202.  See Tex. R.
Evid. 202. 
Thus, BNSF never filed a motion under rule 202 that would have compelled
the trial court to take judicial notice of the law of any other state.








BNSF cites several cases
where parties filed rule 202 motions shortly before trial and argues that it
was not required to file a rule 202 motion because its claims never went to
trial.  See, e.g.,  Duncan v. Cessna Aircraft Co., 665 S.W.2d
414, 420 (Tex. 1984) (noting that motion to take judicial notice of New Mexico
law was filed one week before trial). 
These cases are inapposite because in those cases, the appellants filed
rule 202 motions, while in this case, BNSF never filed a rule 202 motion.   Under rule 202, a trial court is required to
take judicial notice of another state=s law only when a party files an appropriate motion.  Tex. R. Evid. 202 (AA court upon
its own motion may, or upon the motion of a party shall, take
judicial notice . . . .@ (emphasis
added)).  BNSF did not file a rule 202
motion; thus, it cannot complain that the trial court failed to take judicial
notice of another state=s law,
regardless of when the deadline for filing such a motion falls.  To adopt the rule proposed by BNSF would
create a summary-judgment limbo where a trial court could not grant summary
judgment until a party filed its choice-of-law motion Ashortly before trial.@[2]








Because BNSF never filed a
rule 202 motion requesting the trial court to take judicial notice of other
states= law, the presumption arises that the law of the other states in
question is identical to Texas law.  See
Coca‑Cola Co., 218 S.W.3d at 695 (Brister, J., dissenting); Johnson
v. Structured Asset Servs., LLC, 148 S.W.3d 711, 720 (Tex. App.CDallas 2004, no pet.) (presuming sister state=s law is the same as Texas law in the absence of a request to take
judicial notice or proper proof of the other state=s law); Burns v. Resolution Trust Corp., 880 S.W.2d 149, 151
(Tex. App.CHouston
[14th Dist.] 1994, no writ) (same); see also Gevinson v. Manhattan
Constr. Co. Of Okla., 449 S.W.2d 458, 465 n.2 (Tex. 1969) (presuming Texas
law applied in the absence of a proper request to take judicial notice of New
York law).

If the law of other states is
presumed to be identical to Texas law, there was no need for the trial court to
conduct a conflict-of-law analysis because there was no conflict to
analyze.  See Duncan, 665 S.W.2d
at 419 (stating that, before undertaking a choice-of-law analysis, the Court Amust first determine whether there is a difference between the rules
of Texas and New Mexico on this issue@); Fraud‑Tech, Inc. v. Choicepoint, Inc., 102 S.W.3d 366,
378 (Tex. App.CFort Worth
2003, pet. denied) (AIf no
conflict of law exists on the issues, we need not decide which state=s law applies.@); Young
Ref. Corp. v. Penzoil Co., 46 S.W.3d 380, 385 (Tex. App.CHouston [1st Dist.] 2001, pet. denied) (finding no necessity to decide
which state=s law
applied absent a conflict of law on the issues presented); St. Paul Surplus
Lines Ins. Co. v. Geo Pipe Co., 25 S.W.3d 900, 903 n.2 (Tex. App.CHouston [1st Dist.] 2000, no pet.) (AIn the absence of a true conflict of law, we do not undertake choice
of law analysis.@).  And because the trial court was entitled to
presume that the law of the other states is identical to Texas law, the trial
court did not err by applying Texas law to BNSF=s claims.








BNSF also argues that the
trial court abused its discretion by implicitly overruling its motion to
postpone the summary judgment hearing until BNSF had adequate time to discover
which state=s law applied.  We disagree. 
In the absence of a rule 202 motion, the trial court was entitled to
presume that whichever state=s law applied, it is identical to Texas law.  Thus, even if we assume that BNSF
legitimately needed more time to determine which state=s law applied, that determination would have no effect on the trial
court=s or this court=s analysis
of the summary judgment motions because, regardless of which state=s law applied, that state=s law is presumed to be identical to Texas law.  We therefore hold that the trial court did
not abuse its discretion by implicitly overruling BNSF=s motion for continuance.  See
BMC Software Belg. N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002)
(holding that a trial court=s decision to grant or deny a motion for continuance will be reversed
only upon a showing of a clear abuse of discretion).








BNSF argues that without the
discovery it requested from Gunderson and KeystoneCand, by implication, without a continuance so that it could obtain
that discoveryCit could not
identify the contact states and conduct Athe definitive choice-of-law analysis required for a [r]ule 202
motion.@  But nothing in rule 202
requires a Adefinitive
choice-of-law analysis.@  Rule 202 simply provides a mechanism by which
a party may compel the trial court to judicially notice the law of another
state; it does not force a party to make a definitive declaration as to which
state=s law applies.  Moreover, BNSF
identified several contact states in its original petition, and nothing in rule
202 precluded BNSF from moving the trial court to take judicial notice of those
states= laws, even if it was unsure which state=s law applied.

We hold that the trial court
did not err by applying Texas law to the summary judgment motions, and we
overrule BNSF=s
choice-of-law issues.

2.     Texas Statute of Repose

Having determined that Texas
law applies, we now consider the effect of Texas law, and particularly the
statute of repose, on BNSF=s claims.  BNSF tacitly concedes
that if Texas law applies, then the Texas statute of repose bars all of its
causes of action against Keystone and all of its causes of action against
Gunderson except its claim for contractual indemnity.[3]









Unlike a statute of
limitations, which extinguishes the right to prosecute an accrued cause of
action after a period of time, a statute of repose limits the time during which
a cause of action can arise and usually runs from an act of a defendant.  Burlington N. & Santa Fe Ry. Co. v.
Poole Chem. Co., 419 F.3d 355, 363 (5th Cir. 2005).  It abolishes the cause of action after the
passage of time even though the cause of action may not have yet accrued.  Id.

The Texas statute of repose
provides that a claimant must commence a products liability action against a
manufacturer or seller of a product before the end of fifteen years after the
date of the sale of the product by the defendant.  Tex.
Civ. Prac. & Rem. Code Ann. ' 16.012(b) (Vernon Supp. 2006). 
The statute broadly defines Aproducts liability action@ as

any
action against a manufacturer or seller for recovery of damages or other
relief for harm allegedly caused by a defective product, whether the action is
based in strict tort liability, strict products liability, negligence,
misrepresentation, breach of express or implied warranty, or any other
theory or combination of theories, and whether the relief sought is
recovery of damages or any other legal or equitable relief, including a suit
for:

(A)
injury or damage to or loss of real or personal property;

(B)
personal injury;

(C)
wrongful death;

(D)
economic loss; or

(E)
declaratory, injunctive, or other equitable relief.

 

Id. ' 16.012(a)(2) (Vernon Supp. 2006) (emphasis added). 

BNSF argues that its cause of
action for contractual indemnity is not barred by the statute of repose because
it is not a products liability action. 
As the basis for its contractual indemnity claim, BNSF points to its
purchase order for Gunderson=s boxcars, which contains the following language:








SELLER
agrees to assume all liability for and indemnify and save BUYER harmless from
any and all claims, suits, losses, damages or expenses, on account of any
injuries to or death of any and all persons whomsoever, and any and all loss or
destruction of or any damage to property whatsoever, . . . arising or growing
out of or in any manner caused by, connected with, or resulting in whole or in
part from the furnishing of any articles, goods, or materials
. . . . 

 

BNSF contends that the indemnity provision obligates
Gunderson to indemnify BNSF for any loss arising from the Afurnishing@ of the
boxcars regardless of whether the boxcars were defective and, therefore, that
BNSF=s claim for contractual indemnity is not a products liability action
and is not barred by the statute of repose. 
Gunderson replies that the statute=s broad definition of Aproducts liability action@ bars all claims arising from a defective product regardless of the
theory under which the buyer seeks relief. 








We need not resolve the
theoretical possibility of a contractual indemnity claim that is not barred by
the statute of repose because BNSF=s claims in this case, including its claim for contractual indemnity,
are clearly within the statute=s purview.  All of BNSF=s claims arise from the allegedly defective boxcar coupling.  All of its claims, including its claim for
contractual indemnity,  are claims Aagainst a manufacturer or seller for recovery of damages or other
relief for harm allegedly caused by a defective product.@  See id.  According to BNSF, a defective boxcar caused
the derailment, which in turn caused damage to BNSF in the form of settlement
payouts for which BNSF now seeks indemnification.  Thus, without the allegedly defective boxcar,
BNSF would have no claim for indemnity in this case.  We hold that section 16.012 applies to BNSF=s contractual indemnity claim.  See
Oviedo v. Crown Cork & Seal Co., 1997 WL 133256, at *1 (N.D. Tex. 1997)
(memo. op. and order) (not designated for publication) (applying section 16.012
as a bar to a statutory indemnity claim).

Having determined that
section 16.012 applies to BNSF=s contractual indemnity claim, we now apply the section to the claim
to determine whether the claim is barred. 
Gunderson delivered the boxcars in 1988. 
BNSF sued Gunderson in 2004. 
Thus, BNSF did not Acommence a products liability action against a manufacturer or seller
of a product before the end of 15 years after the date of the sale of the
product by the defendant,@ and its
claims are barred by the statute of repose. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 16.012(b).  We hold that the trial court did not err by
granting summary judgment on BNSF=s claim for contractual indemnity.[4]

                                             Conclusion








Having held that the trial
court did not err by applying Texas law or by granting summary judgment under
the statute of repose, we overrule BNSF=s first, second, and third issues. 
We do not reach BNSF=s fourth issue, in which it argues that its claims are not barred by
the Texas statute of limitations.  See
Tex. R. App. P. 47.1.  We affirm the trial court=s judgment.  

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DELIVERED:  August 24, 2007











[1]Gunderson
actually delivered the boxcars to an entity named Wilmington Trust because BNSF
had assigned its rights under the purchase order to Wilmington under a
financing and lease-back agreement.  This
detail is not relevant to our analysis.





[2]Further,
a summary judgment hearing is deemed a Atrial@ for
some purposes.  See, e.g., Goswami v.
Metro. & Sav. Loan Ass=n, 751
S.W.2d 487, 490 (Tex. 1988) (holding a summary judgment hearing is a trial
under rule of civil procedure 63); Gallegos v. Millers Mut. Fire Ins. Co. of
Tex., 550 S.W.2d 350, 353 (Tex. Civ. App.CEl
Paso 1977, no writ) (AWe
believe a summary judgment hearing is a trial within the meaning of [former]
Rule [of civil procedure] 93(n).@).





[3]Both
Gunderson and Keystone moved for summary judgment under the Texas statute of
repose.  On appeal, BNSF=s
brief addresses the Texas statute of repose only in connection with Gunderson=s
claim for contractual indemnity. When a trial court=s order granting summary judgment does not specify the
ground or grounds relied on for its ruling, and its judgment rests upon more
than one independent ground or defense asserted by the movant, the aggrieved
party must assign error to each ground, or the judgment will be affirmed on the
ground to which no complaint is made.  Scott
v. Galusha, 890 S.W.2d 945, 948 (Tex. App.CFort Worth 1994, writ denied). 





[4]Although
BNSF does not argue on appeal that its other claims against Gunderson and its
claims against Keystone are not barred by the statute of repose, it did so
argue in the trial court.  Out of an
abundance of caution, we hold that the statute of repose bars all of BNSF=s
claims and that the trial court did not err by granting summary judgment on all
of those claims.