# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

No. 11-40535
Summary Calendar

Lyle W. Cayce
Clerk

COREY DALFREY; GILBERT JOINES,

Plaintiffs–Appellants

v.

BOSS HOSS CYCLES, INC.; B.H. WORKMAN & SONS INC.,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-65

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case involves the interpretation of the Texas products liability statute of repose in a personal injury suit arising out of a motorcycle accident. We find that the district court correctly interpreted that statute and, therefore, AFFIRM the district court's grant of Boss Hoss Cycles' motion to dismiss; however, we REVERSE the district court's dismissal of Appellants Corey Dalfrey's and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40535

Gilbert Joines's claims against B.W. Workman & Sons because those claims are not "derivative" of the Appellants' claims against Boss Hoss and are not barred by the Texas products liability statute of repose.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants Dalfrey and Joines were riding their motorcycles northbound on Interstate 45 in Galveston County, Texas on August 15, 2009. Ahead of them were Manuel and Renae Tezanos on their own motorcycle (the "Tezanos motorcycle"). The Tezanos motorcycle experienced a rear axle failure resulting in its crash. The rear axle failure of the Tezanos motorcycle also caused shrapnel to fly back that, in part, caused Dalfrey and Joines to crash their motorcycles.

The Tezanos motorcycle was a 1995 Boss Hoss motorcycle. Appellee Boss Cycles ("Boss Hoss") operates by shipping motorcycle kits to those who order them, and those people who order the kits are responsible for assembling the motorcycles. In July 1995, Boss Hoss sent the kit that would become the Tezanos motorcycle to Richardson Cycles in Fresno, California. Richardson Cycles sold the Tezanos motorcycle to a consumer, Jason Teplitsky, in July 1997.

After Teplitsky's ownership but before the Tezanos purchased the motorcycle, Butch Mullis owned the Tezanos motorcycle. Mullis hired Appellant B.W. Workman & Sons ("Workman") to fabricate a new key (the "Workman key") for the rear axle, which Workman did. This new Workman key was used in reassembling the rear axle of the Tezanos motorcycle and was part of the Tezanos motorcycle when the accident that gave rise to this suit occurred.

On October 8, 2009, the Tezanos filed suit against Boss Hoss in Texas state court, which Boss Hoss later removed to federal court. Dalfrey and Joines were not party to the Tezanos' October 2009 lawsuit but instead filed their own lawsuit in Texas state court on December 23, 2010, raising a host of claims against the Appellees. Boss Hoss removed that suit to the district court on

No. 11-40535

February 2, 2011. One week later, Boss Hoss filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(c). Dalfrey and Joines then filed their first amended complaint, and Boss Hoss filed an amended motion to dismiss. Dalfrey and Joines then filed a second amended complaint. On March 31, 2011, the district court dismissed all of Dalfrey's and Joines's claims against both Boss Hoss and Workman. This appeal followed.

## II. STANDARD OF REVIEW

The appellate review standard for both a motion under Rule 12(b)(6) and a motion under Rule 12(c) is de novo. *Turbomeca, S.A. v. Era Helicopters LLC*, 536 F.3d 351, 354 (5th Cir. 2008). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). To meet this threshold of facial plausibility, "the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555 (2007)) (internal quotation marks omitted). In examining the pleadings, we construe them "in the light most favorable to the plaintiff[s]." *Id.*

## III. DISCUSSION

### A. Boss Hoss

The district court granted Boss Hoss's motion to dismiss based on Texas's products liability statute of repose.[1] That statute requires "a claimant [to]

---

[1] Appellants urge error based on the fact that Boss Hoss never filed a motion to dismiss Appellants' Second Amended Complaint. Boss Hoss had a pending motion to dismiss Appellants' First Amended Complaint, but during the pendency of that motion, Appellants filed their Second Amended Complaint. Since, as discussed below, the Second Amended Complaint did not cure the defects from the First Amended Complain that caused the district court to grant the motion to dismiss and the district court has the authority to dismiss a complaint for failure to state a claim *sua sponte*, *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007), there is no error applying Boss Hoss's motion to dismiss to Appellants' Second Amended Complaint. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary

No. 11-40535

commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant." Tex. Civ. Prac. & Rem Code § 16.012(b). The issue is whether the operative "date of sale" for this action was the July 1995 date when Boss Hoss sold the kit to Richardson Cycles, in which case the suit would be barred by the statute, or the July 1997 date when Teplitsky, the first consumer, purchased the assembled motorcycle from Richardson Cycles, in which case the suit would not be barred by the statute.

1.    **Our Obligation under *Erie***

Where federal jurisdiction is based on diversity, we apply the substantive law of the forum state. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64[, 78] (1938)). "To determine Texas law, we look to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, we must determine, in our best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup, Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotation marks omitted). Here, the Texas Supreme Court has not addressed the operative date of sale and so we are called upon to make an "*Erie* guess." *Compliance Source, Inc. v. GreenPoint Mortg. Funding, Inc.*, 624 F.3d 252, 259 (5th Cir. 2010) (internal quotation marks omitted).

Under Texas's rules of statutory construction, "[w]e must construe statutes as written and, if possible, ascertain legislative intent from the statute's language." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Our starting point is the "plain and common meaning of the statute's words[, and i]f a statute's meaning is unambiguous, we generally interpret the statute

Kay Kane, Federal Practice & Procedure § 1476 (3d ed. 1998).

according to its plain meaning." *Texas ex rel. Texas Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002) (citations and internal quotation marks omitted).  That said, the Texas Supreme Court has said that "[e]ven when a statute is not ambiguous on its face, we can consider other factors to determine the Legislature's intent." *Helena Chem.*, 47 S.W.3d at 493.

### 2.    Application

The interpretive difficulty with this statute is fixing the meaning of "date of sale."[2]  "A sale, in its most basic terms, includes the following elements: (1) the thing sold, which is the object of the contract; (2) the consideration or price to be paid for the thing sold; and (3) the consent of the parties to exchange the thing for the price." *John Wood Grp. USA, Inc. v. ICO, Inc.*, 26 S.W.3d 12, 20 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).  This definition conforms with Black's definition of sale.  Black's Law Dictionary 1454 (9th ed. 2009) (defining sale as "the transfer of property or title for a price") (citing U.C.C. § 2-106(1)). By its "plain and common meaning," sale is a broad term.

Appellants contend that we should adopt a consumer-centric view of the language and fix the operative date as when the product is sold to an end-user or consumer.  Appellants admit that there are no cases interpreting the Texas statute of repose in this way.  They point us to cases from other jurisdictions interpreting statutes of repose as requiring the date of sale to be to the ultimate consumer.  *See, e.g.*, *Witherspoon v. Sides Const. Co., Inc.*, 362 N.W.2d 35, 40 (Neb. 1985).  The cases cited by Appellants in support, however, are inapposite

---

[2] Appellants also posit that "claimant" should be interpreted such that if any "party seeking relief," Tex. Civ. Prac. & Rem Code §§ 16.012(a)(1), 82.001(1), files an action within fifteen years of the "date of sale" then the statute should be tolled to the advantage of subsequent claimants who file actions after the fifteen year term of repose has lapsed.  We reject adopting this interpretation in light of the Texas Supreme Court's rejection of tolling in a case involving the Texas medical malpractice statute of repose, *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010), and this court's refusal to toll this statute in a case involving CERCLA preemption.  *Burlington N. & Santa Fe Ry. Co. v. Skinner Tank Co.*, 419 F.3d 355, 363–64 (5th Cir. 2005).

to the interpretation of the Texas statute because those states' statutes all describe the statutory period in which to file suit as beginning with the "use" or consumption of the product. *See*, *e.g.*, N.C. Gen Stat. § 1-50(6) (2008) (fixing the statutory period for suit at six years "after the date of initial purchase for use or consumption"), *amended by* N.C. Gen. Stat § 1-46.1 (2010). The Texas statute is undeniably broader, as the starting date is the unqualified "date of sale of the product by the defendant [manufacturer or seller]." Tex. Civ. Prac. & Rem Code § 16.012(b).

Appellees point out that according to the Texas products liability statute of repose, a broad scope would not be unheard of. Appellees cite to three other states' statutes of repose that fix the date of sale as the first sale. *See*, *e.g.*, 735 Ill. Comp. Stat.5/13-213(b). We think that based on Texas's rules of statutory construction and the plain meaning of the statute, the relevant "date of sale" under the Texas products liability statute of repose is  the date of first sale regardless of whether that sale is to a consumer. Applying that definition to the facts of this case, Boss Hoss sold the Tezanos motorcycle kit to Richardson Cycles based on Richardson Cycles' order and Richardson Cycle paid Boss Hoss for that kit. Based on this deal, Boss Hoss delivered the Tezanos motorcycle kit to Richardson Cycles in July 1995. As Appellants did not file their suit until December 2010, more than fifteen years after the July 1995 date of sale, their suit is barred under the Texas products liability statute of repose. Tex. Civ. Prac. & Rem Code § 16.012(b). Therefore, the district court was correct in dismissing Appellants' claims against Boss Hoss.[3]

---

[3] Appellants also urge error based on the fact that the district court considered evidence from the Tezanos' suit, which was beyond the pleadings, and did not convert Boss Hoss's motion to dismiss into a summary judgment motion. This is not error because we have held that in considering a motion to dismiss, the district court may "take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (allowing the district court to take judicial notice of a summary judgment in state court in ruling on a Rule 12(b)(6) motion).

## B.     Workman

In addition to granting Boss Hoss's motion to dismiss, the district court *sua sponte* dismissed Appellants' claims against Workman because they were "derivative of its suit against Boss Hoss." *Dalfrey v. Boss Hoss Cycles, Inc.*, No. 3:11-CV-65, slip op. at 1 n.1 (S.D. Tex. Mar. 31, 2011).  Perhaps, the district court considered Appellants' claims against Workman to be based on the Tezanos motorcycle being a defective product under § 16.012(a)(2) of the Texas Civil Practice and Remedies Code.  If this were the case, then the statute of repose would have begun running when Boss Hoss first sold the kit to Richardson in July 1995 and would bar the Appellants' claims.  This is an incorrect interpretation of the Appellants' claims against Workman.  The Appellants allege that Workman was negligent in designing and manufacturing the Workman key that was put into the Tezanos motorcycle after Boss Hoss sold the kit and after Richardson Cycles assembled it, but before the accident. Workman's defective product is not the Tezanos motorcycle as a whole but only the Workman key.  There is nothing to suggest, in the absence of any filings of Workman, that the statute of repose has run on Appellants' claims against Workman nor any other reason that Appellants claims against Workman should be dismissed.  Therefore, we reverse the district court's *sua sponte* dismissal of Appellants' claims against Workman.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Appellants' claims against Boss Hoss but REVERSE the district court's dismissal of Appellants' claims against Workman.